SUMMARY ORDER
UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals (“BIA”), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.
Petitioner Ming Xiao (No. A 76 002 025) (“Xiao”) petitions for review of a decision of the BIA affirming the decision of an Immigration Judge (Gabriel C. Videla, Judge) (“IJ”) ordering his removal to China and denying his application for asylum and withholding of removal. We assume the parties’ familiarity with the facts and the procedural history of the case.
Where the BIA adopts and supplements the decision of an IJ, we review “the decision of the IJ as supplemented by the BIA.” Yan Chen v. Gonzales, 417 F.3d 268, *424 271 (2d Cir.2005). Here, the BIA’s March 2005 opinion adopted and supplemented the IJ’s decision of April 7, 2004. The IJ’s decision, furthermore, adopted his prior decision on Xiao’s petition dated September 21, 1999, which had been vacated by the BIA on February 25, 2003 In its March 2005 decision, the BIA withdrew its earlier criticisms of the reasons for the IJ’s adverse credibility finding contained in the IJ’s 1999 decision. Therefore, we will review the IJ’s 1999 opinion as supplemented by both the IJ’s 2004’s decision and the BIA’s 2005 opinion.
The agency’s factual findings, including adverse credibility determinations, are reviewed under the substantial evidence standard, and they are overturned only if a reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004). An adverse credibility determination must be based on “specific, cogent reasons” that “bear a legitimate nexus” to the finding. Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). Inconsistent testimony is not fatal to an asylum application if it is minor and isolated, and the testimony is otherwise consistent, rational, and believable. See Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000). “[Ojur review is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice.” Zhou Yun Zhang, 386 F.3d at 74.
Considering Xiao’s testimony, we conclude that a reasonable adjudicator would not be compelled to conclude that Xiao testified credibly. Xiao’s testimony regarding his claim of persecution included numerous inaccuracies. His testimony that he no longer had a scar from his alleged vasectomy contradicted the report of Dr. Liu, the doctor in the United States who examined Xiao, which stated that Xiao’s had “post surgical scaring due to bilateral vasectomy.” Furthermore, Xiao’s inability to remember correctly the doctor’s name or the location of the office he visited four months prior to the hearing casts further doubt on the reliability of Dr. Liu’s report and Xiao’s claim that he underwent a vasectomy.
Xiao failed to establish basic facts regarding his family. His testimony concerning his family relationships was contradicted by his wife’s household registration booklet indicating that she moved into that household in 1995 as a result of marriage. Xiao’s registration booklet does not show him as being married. Moreover, Xiao’s wife’s household booklet shows that the children were registered in that household before Xiao’s wife. This fact renders the document incomprehensible and unreliable.
Xiao’s testimony also contradicts statements found in his asylum application. Xiao was unable to provide consistent believable testimony regarding his residencies while in the United States. His answers contradicted his asylum application and raised the specter that he had arrived in the United State more than one year prior to his application for asylum. Moreover, Xiao’s application indicates that Chinese officials demolished his house because of his failure to pay a fine. Before the IJ, however, he first testified that the Chinese officials took away his furniture because he could not pay the fine, and when confronted with the fact that his testimony was inconsistent with his application, he stated that the officials had destroyed the furniture. In addition, Xiao stated in his asylum application that his wife was discharged from her job as a village cadre because of her violation of the family planning policy. Although Xiao attempted to explain this inconsistency, we cannot say that any reasonable adjudication would be compelled to accept his explanation. See *425 Zhang v. INS, 386 F.3d 66, 75 n. 10 (2d Cir.2004) (noting that the petitioner has the burden of persuasion and that inconsistencies with explanations, while not conclusive in themselves, can be “indicative of an overall lack of veracity on the part of the applicant.”).
In sum, while some of these inconsistencies could be considered minor or isolated, the inconsistencies related to his vasectomy, his wife being a cadre member, and the registration booklets concern the “heart” of Xiao’s claim that he was subject to China’s coercive family planning policies. See Borovikova v. U.S. Dept. of Justice 435 F.3d 151, 167 (2d Cir.2006). The other inconsistencies show that his testimony is not otherwise “consistent, rational, and believable.” Diallo, 232 F.3d at 288. A rational factfinder would not be compelled to conclude that Xiao was a credible witness, and, therefore, we hold that the BIA’s adverse credibility finding is supported by substantial evidence.
We also conclude that the BIA correctly denied Xiao’s withholding of removal claim. As a withholding of removal claim does not contain a subjective component, an asylum applicant who’s testimony has been found to be incredible can still establish eligibility for either of these forms of relief by independent, objective evidence. See Xiao Ji Chen v. U.S. Dept. of Justice, 434 F.3d 144, 163 n. 18 (2d Cir.2006). Xiao failed to establish through evidence other than his inconsistent testimony that it was more likely than not that he would be persecuted upon his return to China. See Ramsameachire v. Ashcroft, 357 F.3d 169 183 (2d Cir.2004).
For these reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED.